## THOMPSON v. THOMPSON.

No. 8561—Opinion Filed July 9, 1918.

(173 Pac. 1037.)

**1. Divorce—Division of Property—Title.**

In an action for divorce, property acquired jointly during the marriage, whether the title thereto be in either or both of said parties, may be divided between the parties by the court.

**2. Same—Disposition of Property—Evidence.**

Evidence examined, and held sufficient to sustain judgment of the lower court.

(Syllabus by Pope, C.)

Error from Superior Court, Tulsa County; M. A. Breckenridge, Judge.

An action by W. H. Thompson against Matilda J. Thompson, for divorce. Judgment for plaintiff, granting a decree of divorce and defendant brings error. Affirmed.

Pat Malloy, Chas. Mitschrich, and J. A. Lenertz, for plaintiff in error.

Carter Smith, Cottingham & Hayes, and M. M. Gibbens, for defendant in error.

Opinion by POPE, C. In 1916 W. H. Thompson obtained a divorce from his wife, Matilda; the trial court granting the divorce on account of the fault of the wife. From the decree the wife brings error. She says that the divorce should not have been granted her husband, but throughout the record the basis, or the constant suggestion is that the real cause of complaint is the action of the court in the manner of dividing the property. Matilda brought into the marriage a ripe matrimonial ex-

perience and little property. In her 36 years of married life, two former husbands had been put away by judicial decree, but the substantial property gains had been meager. She came to Thompson with but very few dollars. As fruitless as it has been in everything but money accumulations, it has been reasonably successful in the acquiring of property; and the evidence tends to show that the business success of the venture is to be attributed to the judgment, industry, and capacity of both parties. Matilda, however, seems to have been imbued at all times with the idea that she was the proper member to hold title to the property; and, when the court came to settle the property rights in the divorce suit, it decreed that certain real estate held in the name of Matilda should go to W. H. Thompson.

We conclude from the record that the trial court was amply justified in granting the decree of divorce for the fault of the wife. The evidence as it appears in the record is sufficient to sustain the granting of the divorce. What all the parties seem to regard as the vital question is the correctness of the decree in awarding to the husband certain real estate to which the wife held title, and which she had induced the husband to convey to her. This property was accumulated during the continuance of the marriage relation, and the husband who first held title was induced to convey it to the wife, through measures almost coercive in character. Whether the court could decree this property to the husband is the important question, and its solution turns on the statute, the controlling statute being section 4969, Rev. Laws 1910, which is as follows:

"Disposition of Property. When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable. As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties, respectively, as may appear just and

reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. In case of a finding by the court, that such divorce should be granted on account of the fault or aggression of the wife, the court may set apart to the husband and for the support of the children, issue of the marriage, such portion of the wife's separate estate as may be proper."

The statute regards the property of married persons as falling into two classes—the separate property of each of the spouses and the property which has accumulated by the business side of the marriage. This latter character of property, very similar in conception to the community property of the community property states, is regarded as being held by a species of common ownership. This is shown by the statute itself, where it speaks of the property "acquired by the parties jointly during marriage, whether the title be in either or both of said parties." No one will question the power and duty of the court in dissolving the marriage relation to divide the common property, and the above-quoted statute allows the court to go beyond this and give to either party under certain circumstances a portion of the separate property of the other. The power of a divorce court to deal with the separate property of the spouses is not here involved, for the reason that the property awarded the husband was not separate property; it was acquired during the marriage relation as a result of the judgment and industry of the husband and wife, truly one in the eyes of the law in the earning and accumulation of new property. The notion that the title to the property being in the wife by reason of conveyance or contracts with the husband shows that it was her separate property must be rejected for several all-sufficient reasons. The statute itself negatives the idea that the record title is to prevail.

We are therefore of the opinion that no reversible error was committed by the trial court. The judgment is affirmed.

By the Court: It is so ordered.