**JONES et al. v. FARRIS.**

No, 27055.   May 25, 1937.

Rehearing Denied June 22, 1937.

E. N. Jones and George W. Burris, for plaintiffs in error.

King, Crawford & Crawford, for defendant in error.

PHELPS, J.   The daughters of the plaintiff entered into contracts with an attorney to recover for them certain claimed interests in land which was of record in the name of the plaintiff, which interests they claimed were inherited from their deceased mother, plaintiff's deceased wife, and these contracts were recorded.   Plaintiff then brought this action against said daughters, all of whom are grown or of advanced age, and against the attorney, to quiet his title. The trial court sustained a demurrer to the evidence of the defendants, and the defendants appeal.

It is conceded that the property was acquired by the joint efforts of the plaintiff husband and his wife.   Many years ago they married when neither of them had anything of considerable value.   They bought a farm, and the evidence fails to reveal the source from which the consideration for the purchase thereof was derived.   The farm had a mortgage on it.   The title thereto was taken in the name of the plaintiff.   The husband and the wife and the children all worked the farm and the family prospered. The mortgage was cleared off and eventually the farm was sold and the proceeds from the sale were used to buy the farm involved in the present case.   Title to this farm was likewise taken in the name of plaintiff, and the plaintiff and his wife and children all continued to work on the farm, as they had on the farm which they first had owned. The evidence reveals that at one time plaintiff wanted to sell the farm and attempted to persuade his wife to join with him in a deed thereto, and his wife refused.   We attach little significance to this incident, for the reason that it was the homestead of the parties and could not be conveyed without their joint signatures.

After most of the children had grown up or moved away, the wife (their mother) in the year 1924 died intestate.   The husband continued to reside on the place as he had theretofore.   Some few years after his wife's death, according to the testimony of the children, he came to some of them and requested that they execute quitclaim deeds to him, so that he could sell the place. Some of the children refused to sign, and accordingly he destroyed the quitclaim deeds which the others had already signed.   We presume that he was under the impression that it was necessary for him to obtain such conveyances from them in order that he could convey good title to his prospective purchaser, and it may as well be mentioned at this point that if this case should turn upon the law of trusts the plaintiff's solici-

tations for said deeds would be of more importance than we are able to attach to them under the issues of law which we find applicable.

The defendants contend that the deceased wife, their mother, had a vested interest in the property, which interest descended to them upon her death. They say that this vested interest rested in her because of the fact that the property was the result of the joint efforts of the parties and was acquired during coverture. They cite in this connection the following cases: Davis v. Davis, 61 Okla. 278, 161 P. 190; Tobin v. Tobin, 89 Okla. 12, 213 P. 889; Thompson v. Thompson, 70 Okla. 207, 173 P. 1037; Allred v. Allred, 131 Okla. 55, 267 P. 842. Those were all divorce cases and the rulings therein, holding that the wife was entitled to a share of the jointly acquired property, upon the granting of divorce, were based upon section 672, O. S. 1931, which in part provides that upon the granting of a divorce the court shall make such division of property acquired by the parties jointly during the marriage as may appear just and reasonable. It is apparent that that section applies only to a division of property upon the granting of a divorce, and can have no application here. As was pointed out in Davis v. Davis, supra, no particular portion of the jointly acquired property is to be awarded to the wife, the question depending upon the circumstances of the case and the discretion of the court. The section does not purport to vest in the wife, prior to divorce, any interest in the property.

By a provision under the second subdivision of section 1617, O. S. 1931, in the chapter on descent and distribution, it is directed that in all cases where the property is acquired by the joint industry of the husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of the property remains, one-half of it shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation. But it is manifest from the face of that provision that it is inapplicable here, for there are issue of the union in this case.

It is also contended in the brief of plaintiffs in error that during the lifetime of the husband he was holding a portion of the property in trust for his wife, by operation of the resulting trust doctrine. The evidence does not reveal that the wife contributed any portion of the purchase money for either of the farms, and plaintiffs in error do not cite any authority to the effect that a resulting trust in favor of the wife arises in property the legal title to which is in the husband's name alone, but which is improved and made valuable by their joint efforts, though she is not shown to have contributed any of the purchase money. We therefore do not decide that point.

The legal title here was in the husband. Whatever rights were available to the wife, to assert or resolve an interest in the jointly acquired property, were never by her exercised, and it may be that she never would have cared to exercise them. And even had she done so, it is uncertain what particular fraction or portion she would have obtained. We cannot hold that this right which she had, as a wife, descended to her children, for it was a right which was available if she desired to use it but which apparently she chose not to use, and which therefore was not vested. As a general rule the community character of property jointly acquired by husband and wife is dissolved by the death of either spouse (5 R. C. L. 863), unless some statute prescribes otherwise, and we have no statute which would permit the children to inherit the property in suit upon the death of their mother.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY and GIBSON, JJ., concur.