**George EVANS, Plaintiff in Error,**

**v.**

**Albert H. EVANS, Defendant in Error**

**No. 37025.**

Supreme Court of Oklahoma.

July 10, 1956.

Rehearing Denied Sept. 11, 1956.

Andrew Fraley, O. B. Martin, Oklahoma City, for plaintiff in error.

Murphy & Firestone, C. Everett Murphy, V. D. Firestone, Kingfisher, for defendant in error.

PER CURIAM.

This is an action to determine heirs and quiet title to an undivided interest in real property. The parties to this appeal appear in the relative position they occupied in the trial court and will be referred to herein as plaintiff and defendant.

Plaintiff, by petition filed in the District Court of Kingfisher County, alleged in substance that Amy A. Evans and the defendant, then wife and husband, acquired by warranty deed dated May 9, 1898, a certain 160 acres of land, record title to which was taken and held in the name of defendant; that they occupied the property as their homestead until the wife died on December 27, 1924; and that plaintiff, by right of inheritance as the adopted son of the decedent and defendant, under the intestate laws of succession of this State, acquired an undivided one-fourth interest in the property.

The trial court sustained defendant's demurrer to the petition on the ground that a cause of action was not stated.

Plaintiff elected to stand upon his petition, as filed; and appeals from the court's order dismissing the action. His sole assignment of error is that the trial court erred in sustaining the demurrer and dismissing the action.

No claim is made in the petition that the wife contributed a part of the consideration for the land or made any contract with defendant as to her actual interest therein. Nor is it alleged that the decedent asserted any interest in the land during her lifetime. From a consideration of the petition, as a whole, it cannot be said that the question of a resulting trust is involved.

The facts as alleged in the petition bring this case squarely under the rule stated by this court in Jones v. Farris, 180 Okl. 341, 69 P.2d 344, (paragraph 3 of the syllabus) as follows:

"Where property jointly acquired during coverture is of record in the name of the husband, no question of resulting trust being involved, and the husband is still living, and the wife has taken no steps to determine her interest therein, it is not such a vested interest in her as will descend to her children upon her death intestate during the lifetime of her husband, so as to reduce his interest therein."

In that case, legal title to the jointly acquired homestead property was in the husband. The wife died, and the children asserted an interest in the land as heirs of the deceased mother. This court said:

"The legal title here was in the husband. Whatever rights were available to the wife, to assert or resolve an interest in the jointly acquired property, were never by her exercised, and it may be that she never would have cared to exercise them. And even had *she done so, it is uncertain* what particular fraction or portion she would have obtained. We cannot hold that this right which she had, as a wife, descended to her children, for it was a right which was available if she desired to use it but which apparently she chose not to use, and which therefore was not vested. As a general rule the community character of property jointly acquired by husband and wife is dissolved by the death of either spouse (5 R.C.L. 863), unless some statute prescribes otherwise, and we have no statute which would permit the children to inherit the property in suit upon the death of their mother."

See also Essex v. Washington, 198 Okl. *145; 176 P.2d 476, in which we pointed out* that this court has consistently held that, in the absence of any contract between the husband and wife, the statute of this State governing the descent of jointly acquired property is *only* applicable where the spouse holding title thereto predeceased the spouse in whom title was not vested. The reason for the rule is that the spouse not holding

title has no vested interest in the jointly acquired property which could be transmitted to heirs.

We find no merit in plaintiff's argument that the homestead character of the land aids in his claim of title in the decedent. In Kemp v. Turnbull, 198 Okl. 27, 174 P.2d 384, 386, we stated:

> "We are dealing here with the probate homestead right conferred upon the surviving spouse by 58 O.S.1941 § 311, and not with the constitutional homestead provided for in article 12 of the state constitution. While the authorities in the other jurisdictions are divided on the question of whether the homestead right constituted an estate in land, the diversity of views being largely based upon a difference in the constitutional or statutory provision of the various states, we are committed to the rule that it does not, * * *".

In Mercer v. McKeel, 188 Okl. 280, 108 P. 2d 138, 141, we said, with reference to the constitutional homestead mentioned in the above excerpt from Kemp v. Turnbull, supra: "The homestead right is not an estate in land, but a mere privilege of exemption from execution of such estate as the holder has." It follows that the decedent did not acquire, under the facts alleged in the petition, any inheritable estate in the property; and the rule in Jones v. Farris, supra, applied, whether or not the property constituted a homestead. Accordingly, we find no error in the action of the trial court in sustaining the demurrer and dismissing the case.

Affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. Crawford, and approved by Jean R. Reed and James H. Nease, Commissioners, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.