Charles E. McDANIEL, Appellant,

v.

OKLAHOMA TAX COMMISSION, Appellee.

No. 44759.

Supreme Court of Oklahoma.

Aug. 1, 1972.

Bishop & Wantland, by William Bishop, Seminole, for appellant.

Albert D. Lynn, E. J. Armstrong, Mike Tapp, E. B. Lee, Oklahoma City, for appellee.

DAVISON, Vice Chief Justice.

The sole question posed by this appeal is whether the transfer by a husband to his wife, as a step in estate planning, of property held in the name of the husband but "acquired by the parties jointly during their marriage" is subject to the gift tax levied by our Gift Tax Code, 68 O.S.Supp. 1965, §§ 901–909. The quoted language is from 12 O.S.1961, § 1278, which defines the power of the district court in making a division of such property by decree in an action for divorce.

The plaintiff husband transferred to his wife Opal, according to his gift tax return for 1968, property of the value of $48,500.-00. Of this amount, according to the return, only $3000.00 was subject to tax. Accordingly plaintiff remitted $30.00 to Oklahoma Tax Commission as the amount of gift tax due. Plaintiff stated in his gift tax return that no gift tax was due on the $45,500.00 transfer to his wife by virtue of the holding in Collins v. Oklahoma Tax Commission, Okl., 446 P.2d 290. Plaintiff claimed $45,500.00 represented the value of his wife's interest in the property "acquired by the parties jointly during their marriage" although acquired and held in the plaintiff's name.

As the result of an audit by Oklahoma Tax Commission, the application of Collins v. Oklahoma Tax Commission was rejected and the assessed value of certain of the transferred property was increased to

$102,000.00. The gift tax assessment was accordingly increased to $3933.70 which left a balance due of $3903.70. This amount was paid under protest accompanied by an appropriate notice from plaintiff of his intention to file suit for recovery of the allegedly illegal assessment.

The trial court rendered judgment in two parts. By journal entry of judgment filed May 18, 1970, the value placed on the corporate stock, in plaintiff's gift tax return, was found to be correct and judgment was rendered against The Oklahoma Tax Commission in favor of plaintiff in the sum of $2501.54. This judgment was satisfied by The Tax Commission. By journal entry of judgment filed January 20, 1971, the trial court held the transfer of the property covered by plaintiff's gift tax return was subject to a gift tax under the laws of Oklahoma. This question had been reserved for decision under the journal entry of judgment filed May 18, 1970, supra.

The plaintiff taxpayer advances three propositions under appropriate assignments of error, in support of his contention that the trial court erred in holding plaintiff's transfer to his wife subject to a gift tax.

First plaintiff says: "The trial court erred in holding against the taxpayer [plaintiff] because Opal McDaniel [plaintiff's wife] already had a vested interest in the jointly acquired property of her husband by virtue of the Collins decision.

To test the validity of plaintiff's contention we first note (1) the nature of the property; (2) in whose name the property was held; (3) how and when was the property acquired?

The property transferred by plaintiff to his wife consisted of (a) a residence in Seminole, Oklahoma, valued at $15,000.00; (b) a farm in Seminole County valued at $20,000.00; (c) a lake lot in McIntosh County, Oklahoma, valued at $7500.00; (d) six thousand shares of stock in C. E. McDaniel Casing Pulling, Inc., valued at $6000.00. The property was held in the name of plaintiff and was acquired in the direct sense by the husband during coverture. The record reveals by clear inference that plaintiff's wife performed a wife's customary duties during coverture. Therefore it may be said that the property so transferred was "acquired by the parties jointly during their marriage" under 12 O.S.1961, § 1278, pertaining to division of property in divorce proceedings and was acquired "by joint industry of husband and wife during coverture" under 84 O.S.1961, § 213 Second, prescribing the law of intestate succession in certain cases. Plaintiff and his wife did not contemplate divorce.

As pointed out later by reference to Sanditen v. Sanditen, Okl., 496 P.2d 365, plaintiff's reliance upon Collins is misplaced. In Collins, the husband and wife in contemplation of divorce reached a property settlement under which the husband transferred 26,952 shares of Liberty Gas Company stock to his wife, the transfer being 16.62% of the total outstanding common stock and 20% of the husband's interest. The wife then instituted an action for divorce, alimony, child support and an equitable division of property jointly acquired during marriage. The husband answered acknowledging the terms of the property settlement and asked approval by the trial court in event a divorce was granted. A divorce was granted and the property settlement approved.

The Oklahoma Tax Commission following a ruling of the Internal Revenue Service, held that the transfer constituted a taxable transaction in that the husband had enjoyed income by virtue of the transaction equal to the difference between his tax base per share and the value of the stock per share on the date of transfer to his wife. The underlying income tax theory was that the value of the stock at the time of transfer represented the value of the wife's interest upon divorce in the "jointly acquired" property which the husband settled by a transfer of stock in which his tax base was substantially less

than its market value at the time of the transfer. In Collins we rejected this theory and held:

"A court approved property settlement agreement between parties in a divorce action, under which agreed amount of jointly acquired property was transferred to wife in satisfaction of her claims, and to effect an equitable division of jointly acquired property, was not a sale; exchange or other disposition of property within meaning and intent of 68 O.S. 1961, § 883."

We made several pronouncements in Collins not necessary to support the result we reached.

Plaintiff relies upon the following in our Collins opinion:

"The following decisions unequivocally establish Oklahoma law governing the nature and extent of a wife's interest in property jointly acquired during coverture. Property acquired during married life as a result of industry, economy and business ability is the jointly acquired property subject to the equitable division required under the statute. Tobin v. Tobin, 89 Okl. 12, 213 P. 884. If property has been acquired by joint effort during marriage the wife *has a vested interest* therein which is not forfeited even though she may be at fault. Davis v. Davis, 61 Okl. 275, 278, 161 P. 190, 193.

"The nature of the wife's interest is similar in conception to community property of community property states, and is regarded as held *by a species of common ownership*. The fact record title is in the husband by reason of conveyance or contract does not destroy such joint ownership, since the plain language of the statute precludes such requirement. Thompson v. Thompson, 70 Okl. 207, 173 P. 1037. * * *" (emphasis supplied)

Plaintiff says the United States Circuit Court of Appeals, Tenth Circuit, agrees with his understanding of Collins notwith-standing that court disagreed sharply with our attempted distinction in Collins between Colorado law and Oklahoma law when it said: "It is difficult for us to see any distinction between Oklahoma and Colorado law sufficient to justify a different characterization of the property division. Collins v. C. I. R., 388 F.2d 353, 357. In each Collins case the same question was involved. Did Collins enjoy taxable income by virtue of his transfer of property to his divorced wife pursuant to the antecedent property settlement entered into in contemplation of divorce?

As we suggested in Collins v. Oklahoma Tax Commission, we should look to our own Supreme Court for pronouncements concerning Oklahoma law. In Sanditen v. Sanditen, supra, we held:

"Plaintiff argues she had a vested interest in property acquired during coverture and for that reason the gratuitous gifts were in and of itself a fraud on her marital rights. In support of her conclusion she cites two cases. Collins v. Oklahoma Tax Commission, Okl., 446 P.2d 290; Thompson v. Thompson, 70 Okl. 207, 173 P. 1037 (1918). We disagree. Both of these cases involve an interpretation of jointly acquired property under our divorce statutes. They do not purport to construe the vested interest of a wife in jointly acquired property, beyond the statutory disposition of property in a divorce action. When a divorce action is pending her right to the jointly acquired property is vested. But the vesting takes place by reason of the divorce pendency under our statute and not by the marriage relationship which existed between the partners.

"A wife does not have joint ownership in jointly acquired property as we held in Catron v. Catron [First Nat. Bank & Trust Co. of Tulsa], Okl., 434 P.2d 263 (1967), for if she did that would return this jurisdiction to a community property state which was repealed by the legislature in 1949."

See also Jones v. Farris, 180 Okl. 341, 69 P.2d 344.

The property involved in the instant case was owned by the plaintiff. He had the sole power of disposition, he alone could transfer it; he, not his wife, had the descendible interest; the property tax levied by virtue of ownership was his liability. Whatever interest the wife may have had by virtue of 12 O.S.1961, § 1278, was not a vested interest.

Plaintiff urges next that it is against the public policy of Oklahoma to interpret 12 O.S.1961, § 1278, to mean that the wife does not have a vested interest in property "acquired by the parties jointly during their marriage" until the wife acts in a way to require the application of § 1278. The answer is that § 1278, as interpreted in Catron and Sanditen, is the public policy of Oklahoma.

Finally plaintiff says that since the trial court required from September 1969 to January 1971 to make its decision in this case, that such delay means the trial court was in doubt which means in turn there is doubt as to the proper interpretation and application of our Gift Tax Code to the plaintiff's transfer of a part of his property to his wife.

On the basis of the foregoing we entertain no doubt and hold that the transfer of property, here involved, without consideration is a transfer "whereby property rights and interests are donatively passed or conferred upon another" (68 O.S.1961, § 901(b) with the result that plaintiff's wife as a result of the transfer, then had what her husband once had, dominion and control over the property.

Affirmed.

WILLIAMS, JACKSON, IRWIN, HODGES and McINERNEY, JJ., concur.

LAVENDER, J., concurs in result.