No. 26089

In Re Questions Submitted by the United States District Court for the District of Colorado Concerning C.R.S. 1963, 46-1-5 and 1971 Perm. Supp., C.R.S. 1963, 46-1-13 in Civil Action No. 26089 Entitled Ray C. Imel v. United States of America

(517 P.2d 1331)

Decided January 14, 1974.

1

Rothgerber, Appel & Powers, Ira C. Rothgerber, Jr., for plaintiff.

Scott P. Crampton, Assistant Attorney General, James L. Treece, United States Attorney, Stanley F. Krysa, Attorney, Department of Justice, Stephen J. Swift, Attorney, Department of Justice, for defendant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is in response to a question certified under C.A.R. 21.1 by Judge Winner of the United States District Court for the District of Colorado. The question reads:

"QUESTION

"When, under 1963 C.R.S. 46-1-5 [or under 1963 C.R.S. 46-1-13 as amended in 1971]

"(a) a property settlement agreement is entered into providing for a transfer of property from husband to wife in acknowledgment of the wife's contribution to the accumulation of the marital estate, or,

"(b) a decree of the divorce court requires such transfer because of the wife's contributions to the accumulation of the family estate, and,

"(c) the transfer is not made in satisfaction of the husband's obligation for support,

is the transfer a taxable event for purposes of federal income taxation?

"Paraphrasing the language of controlling cases, the same question may be stated:

"Under Colorado law, is such a transfer a recognition of a 'species of common ownership' of the marital estate by the wife resembling a division of property between co-owners, or does the transfer more closely resemble a conveyance by the husband for the release of an independent obligation owed by him to the wife?

"[See, *United States v. Davis* (1962) 370 U.S. 65, *Pulliam v. Commissioner of Internal Revenue* (1964) 10 Cir. 329 F.2d 97, and *Collins v. Commissioner of Internal Revenue* (1969) 10 Cir. 412 F.2d 211.] ",

■ Accompanying the certification of the question was a 25-page memorandum opinion of Judge Winner.[1] This

---

[1] *Imel v. United States of America,* Number C-3264, the opinion being dated June 26, 1973.

4

opinion is comprehensive. We hold that at the time the divorce action was filed there vested in the wife her interest in the property in the name of the husband.

The plaintiff Imel was the husband. After nearly thirty-five years of marriage, on May 7, 1963, his wife filed an action of divorce in the District Court of Boulder County, Colorado, praying alimony and division of property. On July 31, 1964, a decree of divorce was entered, which postponed until later the issues of alimony and property division. On February 5, 1965, the parties entered into a stipulation under which the property was to be divided. The stipulation provided that the wife should receive no alimony. Later the court approved and adopted the provisions of the stipulation. Pursuant to the stipulation and order, fifty percent of the property in the name of the husband was transferred to the wife.

The government claimed no tax by reason of transfers of property which was standing in the joint names of the husband and wife at the time the divorce action was filed. It did claim that the amount of appreciation in value of property, which was solely in the name of the husband and transferred to the wife under the stipulation and judgment, was a long-term capital gain to the husband. It computed this gain as being $356,653.07 and claimed additional income tax from the husband in the amount of $92,244.51 plus $17,829.73 interest. The husband paid these amounts and filed the pending action in the United States District Court for refund.

Judge Winner found that during the marriage the wife had made substantial contributions to the accumulations of property. When her husband was in a mining operation, she handled the bookkeeping, payroll and all banking matters. When the husband operated a tavern in Boulder she handled similar functions in addition to preparing sandwiches. When he acquired a second tavern, she ran this almost single-handedly. They and another couple acquired a liquor store, which the husband and wife operated at night and the other couple operated during the day. Later the husband bought another business as to which the wife handled some of the

banking and bookkeeping. They invested in stocks and the wife took part in the investment decisions. The husband acquired a wholesale beer franchise. As to this, Judge Winner found:

"[S] he did participate in making many if not most important business decisions in connection with the conduct of this business and, just as the divorce court found, she did contribute greatly to the success of this business, although she was paid no salary . . . ."

Judge Winner continued:

"Thus, we have here a case in which, at the time of the property settlement, the parties agreed that the family estate resulted from the joint efforts of the parties, the divorce court so found and the evidence at our trial fully supports that finding and we make a similar finding based on the evidence we heard."

In *United States v. Davis,* 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 335 (1962), it was held that in a similar situation, under Delaware law, the husband owed a capital gains tax. There the taxpayer asserted that the disposition was comparable to a non-taxable division of property between two co-owners, and the government contended that it more closely resembled a taxable transfer of property given in exchange for the release of an independent legal obligation. Agreeing with the government, the United States Supreme Court stated that under Delaware law in a divorce action the wife shares the property to the extent that the court deems reasonable; and that the right to a reasonable share did not differ significantly from the husband's obligations of support and alimony. "They all partake more of a personal liability of the husband than of a property interest of the wife."

A similar situation existed in *Pulliam v. Commissioner of Internal Revenue,* 329 F.2d 97 (10th Cir. 1964), in which the taxpayer was a Coloradoan. Following *United States v. Davis, supra,* the Court of Appeals held that there was a taxable transfer. It was stated, "Under Colorado law the wife's rights during marriage do not vest in her an ownership of any part of the husband's property." We are here holding that there is

an exception to this rule, which is that vesting takes place at the time of the filing of the divorce action.

*Collins v. Commissioner of Internal Revenue,* 388 F.2d 353 (10th Cir. 1968), has been referred to by court and counsel as *Collins No. 1.* There, following *Pulliam, supra,* the court held that there was a taxable transfer under Oklahoma law. Less than seven months later *Collins v. Oklahoma Tax Commission,* Okla., 446 P.2d 290 (1968), *(Collins No. 2)* was announced. The facts were the same as in *Collins No. 1* except that Oklahoma state income capital gains tax was involved. The Oklahoma Supreme Court took a different view than the 10th Circuit Court of Appeals, and held that there was not a taxable transfer. Oklahoma's divorce statute provided that the court should make such property division between the parties as may appear just and reasonable. In *Collins No. 2* the following statements were made:

"The nature of the wife's interest is similar in conception to community property of community property states, and is regarded as held by a species of common ownership. The fact record title is in the husband by reason of conveyance or contract does not destroy such joint ownership, since the plain language of the statute precludes such requirement . . . . The Statutory division may be decreed even though the court does not dissolve the marriage.

\* \* \*

"[N]either the actual investiture of title, a right to make present disposition of property, nor absence of a descendible interest are controlling. A wife has a vested interest in jointly acquired property of the marital community. This right is exercisable by the wife at any time during marriage, even though she is not entitled to divorce."

As we discuss later, we do not go as far as the court did in *Collins No. 2.*

*Collins No. 3* was *Collins v. Commissioner of Internal Revenue,* 393 U.S. 215, 89 S.Ct. 388, 21 L.Ed.2d 355 (1968). It remanded the matter of *Collins No. 1* to the Court of Appeals for further consideration in light of *Collins No. 2.* In *Collins No. 4 (Colllins v. Commissioner of Internal*

*Revenue,* 412 F.2d 211 (10th Cir. 1969)), the Court of Appeals reversed itself and followed *Collins No. 2.*

In *Sanditen v. Sanditen,* Okla., 496 P.2d 365 (1972), and in *McDaniel v. Oklahoma Tax Commission,* Okla., 499 P.2d 1391 (1972), the Oklahoma Supreme Court withdrew from some of the broad language it had used in *Collins No. 2. Sanditen, supra,* was an action in which the wife sought to recover one-half of the eight million dollars which her husband had given away. It was then stated:

"A wife does not have joint ownership in jointly acquired property as we held in Catron v. Catron, Okl., 434 P.2d 263 (1967), for if she did that would return this jurisdiction to a community property state which was repealed by the legislature in 1949.

"The interest of a wife in property acquired during coverture depends upon the occurrence of a statutorily enacted contingency such as divorce, separation, inability to support, homestead and death, all of which emanate from the marriage relationship. A wife then has no vested interest in property acquired during coverture, but a contingent interest which the law protects."

Earlier in the opinion it was stated:

"Plaintiff argues she has a vested interest in property acquired during coverture and for that reason the gratuitous gifts were in and of itself a fraud on her marital rights. In support of her conclusion she cites two cases. Collins v. Oklahoma Tax Commission, Okl., 446 P.2d 290; Thompson v. Thompson, 70 Okl. 207, 173 P. 1037 (1918). We disagree. Both of these cases involve an interpretation of jointly acquired property under our divorce statutes. They do not purport to construe the vested interest of a wife in jointly acquired property beyond the statutory disposition of property in a divorce action. *When a divorce action is pending her right to the jointly acquired property is vested.* But the vesting takes place by reason of the divorce pendency under our statute and not by the marriage relationship which existed between the parties." (Emphasis supplied.)

*McDaniel, supra,* involved Oklahoma gift tax liability and

the holding there was parallel to that of Sanditen.

We follow the philosophy of *Collins No. 2* as limited and modified by *Sanditen.*

The statute in effect at the time of the divorce proceedings was C.R.S. 1963, 46-1-5. This provided that "the court may make such orders, if any, as the circumstances of the case may warrant relative to division of property, in such proportions as may be fair and equitable." The present statute is 1971 Perm. Supp., C.R.S. 1963, 46-1-13. It provides that the court "shall divide the marital property without regard to marital misconduct, in such proportions as the court deems just after considering all relevant factors." There then follows a number of factors to be considered by the court. So far as is material here, we perceive no distinction between the statutes in Colorado and those of Oklahoma considered in the *Collins* cases.

■ We agree with the government that it is probably not proper for us to resolve the questions submitted as to whether the transfer was "a taxable event for the purposes of income taxation," because this is a question of federal taxation. We answer in the affirmative that, under Colorado law, the transfer involved here was a recognition of a "species of common ownership" of the marital estate by the wife resembling a division of property between co-owners. We answer in the negative whether the transfer more closely resembles a conveyance by the husband for the release of an independent obligation owed by him to the wife. In answering these questions we wish to make some exposition of what we hold and what we do not hold.

■ Except for those rights which vest upon the filing of the divorce action, we in no way change the Colorado law that a husband's property is free from any vested interest of the wife and, with a possible exception or two, he can sell it or give it away. *Richard v. James,* 133 Colo. 180, 292 P.2d 977 (1956); *Moedy v. Moedy,* 130 Colo. 464, 276 P.2d 563 (1954); *Norris v. Bradshaw,* 96 Colo. 594, 45 P.2d 638 (1935); and *Hageman v. First National Bank,* 32 Colo. App. 406, 514 P.2d 328 (1973). The government suggests that by a

determination such as this one we make will jeopardize the collection of inheritance and gift taxes. This opinion does not affect taxing rights in these respects.

We are confining ourselves to the situation in which a divorce action has been filed, the court has jurisdiction over the parties and the subject matter, and the case proceeds to both a decree of divorce and a division of property. We are not here concerned with the situation where the court does not obtain complete or any jurisdiction over the defendant or property, or where one of the parties dies or the action is dismissed prior to a decree of divorce or prior to a division of property.

While, as we hold, the transfer resembles a division of property between co-owners rather than a conveyance by the husband for the release of an independent obligation owed by him to the wife, we sense a possible degree of imprecision in the term "species of common ownership." In Colorado a wife may have a certain species of common ownership in the husband's property which will not prevent a taxable transfer from occurring when he makes a transfer to her. If so, that is distinguishable from the species of common ownership which vests upon the filing of the divorce action.

We approach this, we think, in a pragmatic fashion. During the marriage, and absent any divorce action, the parties have their separate property and, possibly subject to an exception or two, can dispose of it as he or she desires. While in Colorado the guidelines as to division of property in dissolution of marriage proceedings may have become somewhat changed with the passage of successive statutes, it has always been the law here — and still is — that in the dissolution proceeding a wife may be entitled to a division of the husband's property. That right, prior to the dissolution action and possibly subject to an exception or two, is completely inchoate.

However, at the time of the filing of the dissolution action in which the division of property will be later determined, a vesting takes place. This interest which has vested is inchoate only in the sense that, prior to the division,

the property to be transferred to the wife has not yet been determined. Upon and after the filing of the action, the rights of the wife are analogous to those of a wife who can establish a resulting trust, irrespective of a divorce action, in the property of the husband. We use this analogy because we are not saying that after the filing of the divorce action it is necessary for both spouses to enter into the conveyance of property held in the name of only one. Upon the filing of the action the court may protect this vested interest of the wife pending the division order, even though the property to be transferred to her has not yet been determined.

■ We mention in conclusion that we have referred to transfers to the wife as distinct from possible transfers ordered from wife to husband, because the former type is involved here. We recognize that in property division substantially the same rules apply whether the spouse entitled to division is husband or wife.

We further note that we regard the waiver of alimony by the wife as immaterial to our conclusions. Division of property to which the wife is entitled is one matter. Provision by the husband for the future support of the wife is entirely another. A court may conclude that a wife has sufficient property and income not to be entitled to alimony. That does not mean that the division of property is a part of alimony nor that the division of property was made wholly or partially in consideration for the waiver of alimony. The record here is clear that the waiver of alimony was not a part of the consideration for the division.

MR. JUSTICE ERICKSON concurs in the result.