FILED
United States Court of Appeals
Tenth Circuit

January 24, 2012

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

ABBASID, INC., d/b/a Azhar's
Oriental Rugs,

       Plaintiff - Appellant,

  v.

FIRST NATIONAL BANK OF
SANTA FE,

       Defendant,

and

LOS ALAMOS NATIONAL BANK,

       Defendant - Appellee.

No. 10-2069

_____

ABBASID, INC., d/b/a Azhar's
Oriental Rugs,

       Plaintiff - Appellant,

  v.

LOS ALAMOS NATIONAL BANK,

       Defendant - Appellee,

and

FIRST NATIONAL BANK OF
SANTA FE,

       Defendant.

No. 10-2218

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. NOS. 1:09-CV-00347-JAP-LFG and
1:09-CV-00354-JAP-LFG)**

David Todd Smith, Smith Law Group, P.C., Austin, Texas, (Katie P. Klein, William D. Mount, Jr., Dale & Klein, L.L.P., McAllen, Texas, on the brief), for Plaintiff - Appellant.

James R. Jurgens, Jurgens & With, P.A., Santa Fe, New Mexico, (Jane B. Yohalem, Law Offices of Jane B. Yohalem, Santa Fe, New Mexico, with him on the brief), for Defendant-Appellee Los Alamos National Bank.

Before **LUCERO**, **BALDOCK**, and **HARTZ**, Circuit Judges.

**HARTZ**, Circuit Judge.

Azhar Said and Bina Shahani had an unconventional, and short, marriage. The case before us is one of the repercussions of its demise. Mr. Said was the sole officer and shareholder of Abbasid, Inc., a Texas corporation, which opened Azhar's Oriental Rugs in Santa Fe in August 2004. Shortly thereafter Ms. Shahani moved to Santa Fe, and she married Mr. Said in December. During the marriage Mr. Said was rarely in New Mexico. In his absence Ms. Shahani took on a role at the rug store, although the extent of that role was hotly disputed at trial. What is not disputed is that Ms. Shahani deposited a portion of the store's receipts—both checks and cash—in the account of her cousin, Dina Advani, at Los Alamos National Bank (the Bank) and used some money from that

account for personal expenses. Mr. Said and Ms. Shahani were divorced on March 13, 2008.

In May 2008 Abbasid sued the Bank in Texas state court to recover the money that it said had been wrongfully taken. The case was removed to Texas federal court and then transferred to the United States District Court for the District of New Mexico. Abbasid's amended complaint claims conversion and negligence in accepting deposits to Ms. Advani's account. The conversion claim relies on the New Mexico Uniform Commercial Code, N.M. Stat. Ann. § 55-3-420 (1978), alleging that the Bank took checks from a person not entitled to enforce the checks or receive payment. The negligence claim alleges that the Bank injured Abbasid by failing to act with proper care in accepting Abbasid's checks for deposit or payment without Abbasid's authority. The district court dismissed the negligence claim on the grounds that the Bank owed no duty of care to Abbasid and that the claim was preempted by § 55-3-420, which imposes strict liability. After trial the jury returned a special verdict that the Bank did not convert any of Abbasid's checks.

Abbasid filed a timely motion for new trial on March 26, 2010, and a notice of appeal three days later (our case No. 10-2069). The district court denied the new-trial motion on July 23. Abbasid filed a motion to reconsider the denial, but that was denied on August 24. On September 22 Abbasid filed an amended notice of appeal (our case No. 10-2218). We consolidated the two appeals. Abbasid's

opening brief raises the following assertions of error in the decisions below: (1) the district court improperly denied its motion for new trial claiming that the verdict was against the weight of the evidence; (2) the court improperly excluded evidence of the Bank's check-handling policies; (3) the court improperly instructed the jury on mitigation of damages and improperly admitted evidence on the issue; (4) the court improperly rejected Abbasid's requested jury instruction on authority; (5) the court improperly granted the Bank summary judgment on the negligence claim; and (6) the court improperly permitted postjudgment discovery. We have jurisdiction under 28 U.S.C. § 1291 and affirm. Most of Abbasid's claims of error need not be addressed on the merits because the arguments have not been properly preserved or any error was mooted by the verdict. The remaining claims fail on the merits.

## I.    ANALYSIS

### A.    Denial of Motion for New Trial

Abbasid contends that the district court improperly rejected its motion asserting that the verdict was clearly against the weight of the evidence, which showed that Ms. Shahani lacked authority to use the rug store's receipts for her personal expenses. We do not review this contention, however, because Abbasid failed to raise it adequately in district court. In Abbasid's motion for a new trial the full argument on this point was:

> **ABBASID** moves for new trial asserting that the jury's verdict was
> against the great weight of the evidence. *See Escue v. N. Okla. Coll.*,
> 450 F.3d 1146, 1156–57 (10th Cir. 2006). A review of the facts
> presented at trial shows that **ABBASID** was entitled to a "yes"
> answer to Question 1 on the Special Verdict Form ([**the Bank**]
> converted checks), and an award of damages.

Aplt. App. at 247–48. Because this briefing was inadequate, the court requested
supplemental briefing with citations to the record. But after receiving nothing
further from Abbasid, the court denied the motion. It explained:

> [Abbasid] has failed to advance any specific legal arguments or to
> provide any citations to the record. . . . Although Abbasid would
> presumably have the Court search the entire 787 page trial transcript
> and the 78 trial exhibits for evidence to support Abbasid's overly
> generalized and conclusory arguments, the Court declines to do so.

*Id.* at 269 (Order at 2, *Abbasid, Inc. v. Los Alamos Nat'l Bank*, No. 09-00354

(D.N.M. July 23, 2010)).

On appeal Abbasid does not contend that it adequately presented its

argument to the district court.[1] Indeed, it does not even mention the actual

ground on which the district court denied its motion. We ordinarily do not

address issues not raised in the briefs, *see Stump v. Gates*, 211 F.3d 527, 533

---

[1] The Bank argues that Abbasid's notice of appeal was untimely with respect to the denial of its motion for a new trial because it was not filed within 30 days of the denial of the motion. But Abbasid timely moved to reconsider the denial and filed an amended notice of appeal within 30 days of the denial of that motion. In *Ysais v. Richardson*, 603 F.3d 1175 (10th Cir. 2010), we held that a "second motion for reconsideration . . . extend[s] the time for filing a notice of appeal from the order denying the first motion for reconsideration." *Id.* at 1179. The reasoning in *Ysais* applies equally here. Although the Bank argues that *Ysais* was wrongly decided, we are bound by circuit precedent. *See City of Hugo v. Nichols (Two Cases)*, 656 F.3d 1251, 1255 n.4 (10th Cir. 2011).

(10th Cir. 2000), and we see no reason to do so here. Accordingly, we affirm the denial of Abbasid's motion for a new trial on the unchallenged ground relied on by the district court.

### B. Evidence of the Bank's Check-Handling Policy

Abbasid contends that the district court erred in excluding evidence of the Bank's policies and procedures for handling checks. Our review of decisions excluding evidence is for abuse of discretion. *See Tanberg v. Sholtis*, 401 F.3d 1151, 1162 (10th Cir. 2005).

Although Abbasid asserts that the Bank's policies and procedures "are important to show how the depositor had or did not have authority to enforce the check or receive payment," Aplt. Br. at 30, this perplexing assertion is unexplained. We cannot fathom how the Bank's procedures could grant or negate Ms. Shahani's authority. The only apparent reason for admitting the evidence would be to show that the Bank failed to follow its procedures. But any such failure was irrelevant to Abbasid's strict-liability conversion claim. Abbasid's opening brief itself appears to recognize as much when it states, "[T]he negligence of either party [was] not to be considered in arriving at a verdict." *Id.* at 33. The district court did not abuse its discretion in excluding the evidence.

### C. Mitigation of Damages

Abbasid complains that the district court instructed the jury that the Bank's liability for damages could be reduced if Abbasid failed to mitigate its damages.

-6-

But the jury was also instructed that it should not consider mitigation in assessing liability. Because the jury found the Bank not liable, the mitigation instruction could not have affected the verdict. Any error in the instruction was therefore harmless.

Abbasid further contends, however, that the evidence submitted on the issue of mitigation prejudiced it on the issue of liability. But that evidence was also relevant in assessing Ms. Shahani's authority with respect to the rug store's receipts. If Mr. Said knew that Ms. Shahani was using store revenues for personal expenses yet did not stop her, one can infer that he authorized her actions. Because the evidence was admissible even if mitigation should not have been an issue, Abbasid cannot complain of the admission of the evidence.

## D.    Proposed Jury Instruction

Abbasid challenges the district court's refusal to give a proposed jury instruction that read: "Authority to deposit checks payable to a corporate payee into that corporation's account does not include authority to deposit the checks in a different individual account." Aplt. App. at 166. "We review the district court's decision to give a particular jury instruction for abuse of discretion and consider the instructions as a whole de novo to determine whether they accurately informed the jury of the governing law." *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 962 (10th Cir. 2002) (internal quotation marks omitted).

The Bank agrees that Abbasid's proposed instruction was a correct statement of the law. But a trial court need not clutter the jury instructions with every potentially relevant correct statement. *See Hertz v. Luzenac America, Inc.*, 370 F.3d 1014, 1023 (10th Cir. 2004). The district court said that the proposed instruction was unnecessary because the jury instructions provided proper guidance on the application of the law. We agree. The jury was instructed that "[a] person has authority to act on behalf of a corporation when the corporation agrees by its actions to the person acting on the corporation's behalf." Aplt. App. at 230. Abbasid does not contend that this instruction was incorrect or that it was precluded from arguing to the jury that Abbasid's grant of permission to deposit checks into the rug store's account did not constitute "agreement by its actions" to deposit of the checks in Ms. Advani's account. "When the other instructions establish a sound basis for an argument by the party to the jury on [the] proposition, an additional instruction is not essential and runs the risk of suggesting that the trial judge has adopted the party's view." *Hertz*, 370 F.3d at 1023. The district court did not abuse its discretion in rejecting the instruction.

## E.    Summary Judgment on Negligence

Before trial the district court dismissed Abbasid's common-law claim of negligence on the grounds that it was preempted by the UCC and that the Bank owed Abbasid no duty of care. Abbasid challenges that dismissal. But we need not resolve whether a preverdict dismissal of a claim was proper if the jury's

verdict on the remaining claims shows that any error in failing to present the dismissed claim to the jury was harmless. *See Brandt v. Wand Partners*, 242 F.3d 6, 16 (1st Cir. 2001) (Any error in dismissing claims was harmless because there was "no practical likelihood that the dismissed claim could have succeeded where the tried claim failed."); *Gross v. Weingarten*, 217 F.3d 208, 219–20 (4th Cir. 2000) (Because the jury's findings dictated "as a matter of logical necessity" what they would have found on a claim dismissed before verdict, any error in the dismissal was harmless.); *Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1994) (verdict in favor of police officer precluded possibility that claims against city and police chief, which had been dismissed on summary judgment, could have been successful).

That is the situation here. The jury instructions on the conversion claim required Abbasid to prove three elements with respect to each check: (1) that Abbasid owned it; (2) that Abbasid received it either directly or through an agent; and (3) that the Bank received it for deposit from a person not authorized to enforce it or receive payment on it. The jury found that the Bank had not converted any checks, meaning that it found that there were no checks that satisfied all three elements of the conversion claim. But Abbasid's negligence claim related only to checks that satisfied those three elements. The claim was that the Bank's negligence had caused it to accept improper deposits of Abbasid checks into Ms. Advani's account. It concerned only checks received by and

owned by Abbasid that were then deposited in the Bank without authority. Because the jury found that no such checks existed, the negligence claim would necessarily fail. Thus, any error in dismissing the negligence claim turned out to be harmless.

### F.    Postjudgment Discovery

The Bank was awarded $5,582.85 in costs. In its efforts to collect these costs, it obtained from the magistrate judge postjudgment orders requiring Mr. Said to appear for a deposition and requiring Abbasid to respond to various interrogatories and requests for documents. The district judge affirmed the orders on January 5, 2011; and on February 2 Abbasid filed what it termed a "second amended notice of appeal" to challenge the orders. This court treated the notice as a new notice of appeal and assigned it a new case number—11-2025. Abbasid, however, did not pay the filing fee. Although we informed Abbasid that the appeal would be dismissed if the fee was not paid, it failed to make the payment, and the appeal was dismissed on April 28, 2011. Abbasid has not challenged that dismissal and cannot circumvent it by raising the postjudgment orders in this appeal, which arises out of notices of appeal (1) of the judgment on the jury verdict and (2) of the district court's order denying Abbasid's motion for a new trial. A notice of appeal of a judgment or order is not effective with respect to judgments or orders entered after the challenged judgment or order. *See Nolan v. U.S. Dep't of Justice*, 973 F.2d 843, 845–47 (10th Cir. 1992) (notice of appeal

from dismissal of claim against one defendant, which ripened upon entry of final judgment after dismissal of claim against the other defendant, was not effective to challenge dismissal in favor of second defendant); *see also McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1104 (10th Cir. 2002) ("[A] notice of appeal which names the final judgment is sufficient to support review of all *earlier* orders that merge in the final judgment." (emphasis added)).

## II.    CONCLUSION

We AFFIRM the judgment and orders below.