FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 28, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

CHESTER L. BIRD; RYAN A. BROWN;
RICHARD B. DAGUE,

     Plaintiffs - Appellants,

v.

MELANIE MARTINEZ-ELLIS, RN,
Health Services Administrator; MICHAEL
PACHECO, Warden, Wyoming Medium
Correctional Institution, in their individual
capacities,

    Defendants - Appellees.

No. 22-8012
(D.C. No. 2:21-CV-00139-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ** and **ROSSMAN**, Circuit Judges.
_____

Plaintiffs Chester Bird, Ryan Brown, and Richard Dague, Wyoming inmates

proceeding pro se,[1] appeal the district court's dismissal of their amended complaint

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because the Plaintiffs proceed pro se, we construe their filings liberally but do not serve as their advocate. _See Garrett v. Selby Connor Maddux & Janer_, 425 F.3d 836, 840 (10th Cir. 2005).

(the Complaint) against two prison officials, Melanie Martinez-Ellis and Michael Pacheco. The Plaintiffs' claims stem from their COVID-19 vaccinations. According to the Complaint, they consented to receive either the Pfizer or Moderna vaccine; but the Defendants gave them the Janssen vaccine instead, without telling them about the switch until after the vaccine had been administered. The district court noted that the Complaint alleges the Defendants acted in furtherance of the legitimate purpose of quickly vaccinating prisoners against COVID-19 and ruled that the Complaint fails to plausibly allege the Defendants engaged in behavior that shocks the conscience. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

"On appeal from the grant of a motion to dismiss for failure to state a claim, we treat as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Thompson v. Ragland*, 23 F.4th 1252, 1254 (10th Cir. 2022). We proceed to summarize the Complaint's allegations.

The Plaintiffs are each incarcerated at the Wyoming Medium Correctional Institution in Goshen County, Wyoming. At the time of the events giving rise to this action, Defendant Pacheco served as the prison's warden, and Defendant Martinez-Ellis served as the prison's health services administrator.

On March 10, 2021, each Plaintiff "signed a document labeled 'COVID-19 Vaccine 2020-2021 Patient Consent or Declination,'" thereby "consent[ing] to receive either the Pfizer or Moderna vaccine, such being the only two COVID-19 vaccines specifically identified on the *Consent Form*." R., vol. 1 at 42–43. On

March 18, 2021, county health officials notified the Defendants that doses of the Janssen COVID-19 vaccine were available for prisoners. The Defendants decided to proceed with administering these doses the following day without telling the prisoners the brand or giving them information on the Janssen vaccine "because [the Defendants] knew that the technology underlying the Janssen Vaccine differed from the technology underlying the Pfizer or Moderna vaccines and they were concerned that if . . . prisoners . . . were appropriately afforded informed consent, they would decline the Janssen Vaccine because of the difference." *Id.* at 47.

When they got the shot on March 19, 2021, "the Plaintiffs presumed they were receiving either the Pfizer or Moderna vaccine because they were the only two vaccines specifically identified on the *Consent Form* they had signed on March 10, 2021, and because they had not been otherwise advised." *Id.* at 43–44. But Defendant Martinez-Ellis injected the Plaintiffs with the Janssen COVID-19 vaccine.

"[A]t no time prior to" receiving the shot "were the Plaintiffs ever informed of the purpose, methods, procedures, benefits, and risks associated with the Janssen Vaccine, or the material facts about the nature, consequences, and risks of being vaccinated with the Janssen Vaccine; the alternatives to it; and the prognosis if the vaccination was not undertaken." *Id.* at 47–48 (brackets and internal quotation marks omitted). "[T]he Plaintiffs absolutely would have refused the Janssen Vaccine had they been made aware that it was the vaccine being offered to them." *Id.* at 51.

The Complaint has three counts. Count I alleges Defendant Martinez-Ellis "violated the Plaintiffs' clearly-established substantive due process right of personal

security and bodily integrity under the Fourteenth Amendment," by giving them the Janssen vaccine without first securing their informed consent. *Id.* at 52–53. Count II alleges state-law claims against Defendant Martinez-Ellis for assault, battery, or unlawful conduct. And count III alleges Defendant Pacheco conspired with, aided and abetted, authorized, and failed to properly supervise Defendant Martinez-Ellis regarding her administration of the vaccine.

Ruling on a motion to dismiss, the district court construed the Complaint as contending the Defendants violated the Plaintiffs' Fourteenth Amendment substantive-due-process rights to informed consent before receiving treatment. It dismissed these claims in part because the Complaint fails to plead the Defendants had acted with deliberate indifference to the Plaintiffs' right to refuse medical treatment. It dismissed the remaining claims against Defendant Pacheco under the doctrine of qualified immunity in part because the Complaint does not state a plausible constitutional violation. It then declined to exercise supplemental jurisdiction over the state-law claims because no federal claims remained. The court's order also denied the Plaintiffs' request to file a second amended complaint, reasoning that amendment would be futile because the new factual allegations in the proposed complaint would not alter the court's analysis.

After the district court entered its judgment, the Plaintiffs filed a motion under Federal Rule of Civil Procedure 59(e) seeking reconsideration. The district court denied this motion on the merits. The Plaintiffs then filed their notice of appeal.

About a month after filing their notice of appeal the Plaintiffs filed a motion under Federal Rule of Civil Procedure 60(b) seeking to set aside the judgment. The district court dismissed this motion for lack of jurisdiction because of the pending appeal. The Plaintiffs did not file a new notice of appeal or amend their previously filed notice of appeal.

## II.  Discussion

### A.  The District Court's Dismissal of the Amended Complaint

#### 1.  Standard of Review

"We review de novo a district court's decision on a Rule 12(b)(6) motion for dismissal for failure to state a claim." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (italics and internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To meet this standard, the plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

#### 2.  Substantive-Due-Process Claims

The Plaintiffs contend the Complaint states claims for the Defendants' violation of their rights to refuse unwanted medical treatment and for the Defendants' violation of their rights to informed consent before receiving medical treatment.

The right to refuse unwanted medical treatment arises from the Due Process Clause of the Fourteenth Amendment. *See Cruzan ex rel. Cruzan v. Dir., Mo. Dep't*

5

*of Health*, 497 U.S. 261, 278 (1990); *Washington v. Harper*, 494 U.S. 210, 221–22 (1990), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).  To state a valid Fourteenth Amendment substantive-due-process claim challenging executive action, a plaintiff must plausibly allege that "the government action deprive[d] [the plaintiff] of life, liberty, or property in a manner so arbitrary it shocks the judicial conscience."  *Halley v. Huckaby*, 902 F.3d 1136, 1153 (10th Cir. 2018).

> Conduct that shocks the judicial conscience is deliberate government action that is arbitrary and unrestrained by the established principles of private right and distributive justice.  To show a defendant's conduct is conscience shocking, a plaintiff must prove a government actor arbitrarily abused his authority or employed it as an instrument of oppression.  The behavior complained of must be egregious and outrageous.

*Id.* at 1155 (citations and internal quotation marks omitted).

The Tenth Circuit has not recognized a Fourteenth Amendment substantive-due-process right to informed consent before receiving medical treatment.  The circuits that have recognized the right have observed that it "is not, in and of itself, an independent right.  Rather, it is a derivative of the right to refuse treatment and extends only to those circumstances in which it will effectuate a patient's exercise of that underlying right."  *Pabon v. Wright*, 459 F.3d 241, 251 (2d Cir. 2006).  Those circuits have held that to state a claim for a violation of the right to informed consent, a plaintiff must plausibly allege, among other things, that "the defendant acted with deliberate indifference to the prisoner's right to refuse treatment."  *Knight v.*

6

*Grossman*, 942 F.3d 336, 344 (7th Cir. 2019) (citing *Pabon*, 459 F.3d at 251).[2]

Deliberate indifference is required because the defendant's actions "must be so

egregious as to shock the conscience." *Id.* at 343 (internal quotation marks omitted).

Incarcerated plaintiffs face an extra hurdle in prosecuting constitutional claims

because prison officials can "impinge[] on inmates' constitutional rights" so long as

their actions are "reasonably related to legitimate penological interests."

*Washington*, 494 U.S. at 224 (internal quotation marks omitted); *see also Knight*,

942 F.3d at 343 ("A prisoner's right to refuse medical treatment cannot be infringed

by a prison regulation that is reasonably related to legitimate penological interests.

A common example is when forced medication is needed to avoid the spread of

contagious disease or to quell disruptive behavior." (citations and internal quotation

marks omitted)); *Pabon*, 459 F.3d at 252 ("[A] prisoner's right to refuse medical

treatment need not be honored if legitimate penological interests require the prisoner

to be treated."); *Jurasek v. Utah State Hosp.*, 158 F.3d 506, 510 (10th Cir. 1998)

("It is . . . well established that when an individual is confined in a state institution,

individual liberties must be balanced against the interests of the institution in

---

[2] The district court applied the test from *Knight* and *Pabon*. The Plaintiffs do not argue the district court erred in applying this test. We therefore assume, without deciding, that the test would apply if the Tenth Circuit were to recognize a substantive-due-process right to informed consent before receiving medical treatment. But because we conclude that the Plaintiffs would not have stated a claim even if we were to recognize the right, we need not decide whether to recognize the right.

7

preventing the individual from harming himself or others residing or working in the institution.").

The Complaint alleges that the Defendants found out on March 18, 2021, that the Janssen vaccine would be available for prisoners. It further alleges that once the Defendants "realiz[ed] that they did not have the appropriate information sheet or consent form for the Janssen Vaccine, [they] formed an agreement . . . to disregard and otherwise deliberately violate informed consent protocol and use the Janssen Vaccine without specific written notification to each prisoner." R., vol. 1 at 47. They allegedly did so "because they knew that the technology underlying the Janssen Vaccine differed from the technology underlying the Pfizer or Moderna vaccines and they were concerned that if . . . prisoners, including the Plaintiffs, were appropriately afforded informed consent, they would decline the Janssen Vaccine because of the difference." *Id.*[3]

These allegations fall short in several respects from stating a substantive-due-process violation. They certainly do not describe conduct that shocks the judicial conscience. They instead describe actions taken during the height of the COVID-19

_____

[3] The proposed second amended complaint alleges the Defendants actually had the correct Janssen fact sheet when they found out on March 18 that they would get the Janssen vaccine, but "knowing full well that they were going to use the Janssen Vaccine on March 19, 2021, formed an agreement . . . to withhold dissemination of the *Janssen Fact Sheet* until March 22, 2021, because of their concern that . . . prisoners, including the Plaintiffs, would refuse the Janssen Vaccine." Aplees. App. at 36–37.

pandemic to protect the health and safety of the inmates involved and others in the prison environment by increasing vaccination rates.

For essentially the same reasons, the Complaint does not plausibly plead that the defendants were deliberately indifferent to Plaintiffs' rights.

In addition, the pleaded facts indicate that the Defendants took their actions to further a legitimate penological purpose. The district court said that "[c]onsidering the seriousness of the COVID-19 outbreak and the risk it posed to incarcerated prisoners, [the prison's] legitimate penological interests in vaccinating its prisoners and staff as quickly as possible is not open to debate." R., vol. 2 at 27 (citation and internal quotation marks omitted). The Plaintiffs do not challenge this assessment. And the Complaint alleges that the Defendants decided not to tell them they were getting the Janssen shot "*because* . . . they were concerned," *id.*, vol. 1 at 47 (emphasis added), that if the Plaintiffs were told about the Janssen vaccine, the Plaintiffs and others might have refused it, thereby undermining the unquestioned legitimate penological interest in "vaccinating . . . prisoners . . . as quickly as possible," *id.*, vol. 2 at 27.

Without disputing the foregoing, the Plaintiffs contend the Defendants' violation of statutory and regulatory duties to obtain the Plaintiffs' informed consent controls. They assert that under a provision of the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(I–III), and the Emergency Use Authorization (EUA) for the Janssen vaccine, the Defendants had a duty to obtain the Plaintiffs' informed consent before administering the Janssen vaccine.

"We acknowledge of course that officials should conform their conduct to applicable statutes and regulations." *Davis v. Scherer*, 468 U.S. 183, 194 (1984). But not every statutory or regulatory violation is of a constitutional dimension. *See, e.g.*, *Prendergast v. Clements*, 699 F.3d 1182, 1185 n.3 (10th Cir. 2012) ("[R]ights based in statute are not the same as constitutional rights . . . ."); *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation."). As we have already explained, there was no substantive-due-process violation here.

### 3. Claims Based on the FDCA

The Plaintiffs contend that even if the Defendants' breach of their statutory and regulatory duties does not support a substantive-due-process claim, that breach supports an actionable claim for violation of § 360bbb-3 of the FDCA.[4]  We reject this argument.  "Private parties may not bring enforcement suits" under the FDCA. *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 109 (2014); *see* 21 U.S.C. § 337(a) ("Except [certain enforcement actions that may be brought by a State in its own name], all . . . proceedings for the enforcement, or to restrain violations, of [the FDCA] shall be by and in the name of the United States.").  And the Plaintiffs do not

---

[4] Neither the Complaint nor the proposed second amended complaint cites the FDCA.  They instead state that the "Plaintiffs' federal claim arises under the Fourteenth Amendment[,] . . . and under the Federal Civil Rights Act, more specifically 42 U.S.C. § 1983 and 42 U.S.C. § 1988."  R., vol. 1 at 40; Aplees. App. at 28.  But "it is unnecessary to set out a legal theory for the plaintiff's claim for relief." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014)  (internal quotation marks omitted).

argue that § 360bbb-3 of the FDCA confers individual rights that might otherwise support § 1983 liability. *Cf. Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002) ("We . . . reject the notion that our cases permit anything short of an unambiguously conferred right to support a cause of action brought under § 1983."); *Sw. Air Ambulance, Inc. v. City of Las Cruces*, 268 F.3d 1162, 1173 (10th Cir. 2001) ("[N]ot all federal laws give rise to § 1983 liability. For a person to be able to avail himself of § 1983 to remedy a violation of a federal statute, he 'must assert the violation of a federal *right*, not merely a violation of federal *law*.'" (quoting *Blessing v. Freestone*, 520 U.S. 329, 340 (1997)).

### 4. State-Law Claims and Remaining Claims Against Defendant Pacheco

The Plaintiffs' opening brief does not challenge the district court's dismissal of their state-law claims or remaining federal claims against Defendant Pacheco. They have therefore waived any argument that the district court erred in dismissing those claims. *See Burke v. Regalado*, 935 F.3d 960, 1014 (10th Cir. 2019) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).

### B. The District Court's Denial of the Plaintiffs' Motion to Amend

We next address the district court's denial of the Plaintiffs' motion to file a second amended complaint. We review the denial of leave to amend a complaint for abuse of discretion, except that we employ de novo review when the ground for denial of amendment is futility. *See Moya v. Garcia*, 895 F.3d 1229, 1239 (10th Cir. 2018). The Plaintiffs sought leave to amend so they could "retool their complaint in this matter in order to correctly charge that [the Defendants] were actually in possession

11

of the 'manufacturer specific COVID-19 Vaccine Fact Sheet' for the Janssen Vaccine prior to March 19, 2021." Aplees. App. at 5. But our analysis does not turn on when (or whether) the Defendants came into possession of the fact sheet. No allegations in the proposed second amended complaint would alter our analysis. We therefore affirm the district court's denial of leave to amend because amendment would have been futile.

**C.  The District Court's Denial of the Plaintiffs' Rule 60(b) Motion**

After the Plaintiffs filed their notice of appeal, they filed a Federal Rule of Civil Procedure 60(b) motion seeking to set aside the district court's judgment. The district court dismissed the Rule 60(b) motion for lack of jurisdiction. In their opening brief the Plaintiffs state that the district court "could have properly considered their Rule 60 motion." Aplt. Opening Br. at 16. To the extent the Plaintiffs are arguing that the district court erred by dismissing their Rule 60 motion, we lack jurisdiction to entertain this argument because the Plaintiffs did not file a separate notice of appeal with respect to the order dismissing their Rule 60 motion. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."); *Abbasid, Inc. v. First Nat'l Bank of Santa Fe*, 666 F.3d 691, 697 (10th Cir. 2012) ("A notice of appeal of a judgment or order is not effective with respect to judgments or orders entered after the challenged judgment or order."); *Williams v. Chater*, 87 F.3d 702, 705 (5th Cir. 1996) ("[W]here a Rule 60(b) motion is filed after the notice of appeal from the underlying

12

judgment, a separate notice of appeal is required in order to preserve the denial of the Rule 60(b) motion for appellate review.").

## D.  The Plaintiffs' Motions for Judicial Notice and to Supplement the Record

The Plaintiffs filed a motion asking this court to "take judicial notice of information published at https://webmd.com/dvt/whatis-dvt-and-what-cause-it regarding Deep Vein Thrombosis ("DVT") and the information published at https://www.fda.gov/news-events/press-announcements/coronavirus-covid-19-update-fda-limits-use-janssen-covid-19-vaccine-certain-individuals regarding a limitation placed on the use of the Janssen Vaccine by the Food and Drug Administration."  Mot. to Take Jud. Notice at 2.

Under Federal Rule of Evidence 201(b), "The court may judicially notice a fact that is not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  "'Care must be taken that the requisite notoriety exists.  Every reasonable doubt upon the subject should be resolved promptly in the negative.'"  *Est. of Lockett ex rel. Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th Cir. 2016) (quoting *Brown v. Piper*, 91 U.S. 37, 43 (1875)).  "Judicial notice is proper when a fact is beyond debate, for instance, what time the sun sets on a given day."  *Id.*

The Plaintiffs do not specify what facts from the webmd.com article they seek to establish by judicial notice.  Nor do they contend or provide any reason to conclude that

any relevant facts in the article are "beyond debate." And nothing in either publication would affect our disposition of this case. We therefore deny the judicial-notice motion.

The Plaintiffs also filed a motion to expand the record to include evidence they obtained after the conclusion of briefing. They claim the new evidence submitted with their motion indicates the Defendants decided to administer the Janssen vaccine on March 3, 2021, and that when the Defendants administered the vaccine on March 19, 2021, they possessed a revised consent form that referenced the Janssen vaccine. The Plaintiffs' motion to expand the record also seeks supplemental briefing in this court, or, as an alternative to supplementing the record, remand to the district court for that court to conduct an evidentiary hearing.

Under Federal Rule of Appellate Procedure 10(e), a party may modify the record on appeal "only to the extent it is necessary to 'truly disclose what occurred in the district court.'" *United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) (brackets omitted) (quoting Fed. R. App. P. 10(e)(1)). We also "have inherent authority to allow supplementation of the record, [but] this is a rare exception to [Rule] 10(e)." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1110 n.11 (10th Cir. 2010). In determining whether proposed supplemental material qualifies for the inherent-equitable-power exception to Rule 10(e), a court should evaluate factors such as: "1) whether acceptance of the proffered material into the record would establish beyond any doubt the proper resolution of the pending issue; [and] 2) whether remand for the district court to consider the additional material would be contrary to the interests of

14

justice and a waste of judicial resources." *Kennedy*, 225 F.3d at 1191 (internal quotation marks omitted).[5]

Applying these standards, we deny the motion to supplement. Our task in reviewing the district court's dismissal is to determine whether the Complaint, on its face or with the amendments proposed by the Plaintiffs, states a claim for relief. As a result, we would not consider the proffered evidence even if it were in the record. *See Waller*, 932 F.3d at 1282 ("The usual rule is that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss." (internal quotation marks omitted)).[6]

## E.  The Plaintiffs' Motion for Sanctions

The Plaintiffs filed a motion under Tenth Circuit Rule 46.5 asking this court to impose sanctions on the Defendants' counsel. After review of the motion and the record in this appeal, we conclude that the Defendants' counsel did not engage in any intentional misrepresentations or concealment of facts that would justify a sanction under Tenth Circuit Rule 46.5.

---

[5]A third factor identified by *Kennedy* applies only in the habeas corpus context. *See* 225 F.3d at 1191.

[6] The "usual rule" is subject to limited exceptions not applicable here. *See Waller*, 932 F.3d at 1282 ("The . . . court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." (brackets and internal quotation marks omitted)); *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) ("we must consider the complaint in its entirety, as well as other sources, including documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" (internal quotation marks omitted)).

### III.  Conclusion

We affirm the district court's judgment.  We deny the Plaintiffs' motion for judicial notice and the Plaintiffs' motion to supplement the record.  We deny the Plaintiffs' motion for sanctions.

Entered for the Court


Harris L Hartz
Circuit Judge