**In re Robert D. WHITE, doing business as Owlfie's Flowers and Gifts, Debtor.**

**Robert D. WHITE, doing business as Owlfie's Flowers and Gifts, Appellant,**

v.

**Valencia M. BELL, Appellee.**

**BAP No. WY–97–019.**
**Bankruptcy No. 95–10194.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Sept. 23, 1997.

---

Stephen R. Winship, Winship & Winship, P.C., Casper, WY, for Appellant.

Brent R. Cohen, Rothgerber, Appel, Powers & Johnson, L.L.P., Cheyenne, WY, for Appellee.

Before PUSATERI, BOHANON and ROBINSON, Bankruptcy Judges.

## OPINION

ROBINSON, Bankruptcy Judge.

The debtor, Robert D. White ("White"), appeals the Bankruptcy Court's allowance of the secured and priority claim filed by his ex-wife, Valencia Bell ("Bell"). White filed a petition under Chapter 13 of the Bankruptcy Code during the pendency of the parties' divorce proceeding. The Bankruptcy Court granted Bell relief from stay "for purposes of obtaining entry of a final Arbitration Award and Decree of Divorce." The state court then ratified the Arbitration Award which adjudicated the property settlement, awarded the parties' business to White, and granted Bell a judgment of $150,000 secured by a lien on the business. The state court also ordered White to pay $19,500 in accrued monthly payments required by an interim order of the court. We affirm the Bankruptcy Court's allowance of $150,000 as a secured claim and $1,500 as a priority claim for one monthly payment that accrued prepetition, and we affirm the Bankruptcy Court's disallowance of the priority claim for $18,000 in monthly payments that accrued postpetition.[1]

### I. Procedural Status, Jurisdiction, and Scope of Review

White appeals from the Bankruptcy Court's Order on Debtor's Objection to Claim of Valencia M. Bell and Amended Order on Debtor's Objection to Claim of Valencia Bell. This Court has jurisdiction under 28 U.S.C. § 158(c), and reviews the Bankruptcy Court's conclusions of law *de novo*. *Tulsa Energy, Inc. v. KPL Prod. Co. (In re Tulsa Energy, Inc.)*, 111 F.3d 88, 89 (10th Cir.1997). The Bankruptcy Court's findings of fact will be rejected only if clearly erroneous. *Id.*

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.Bankr.P. 8012; 10th Cir. BAP L.R. 8012–1(a). The case is therefore ordered submitted without oral argument.

The notice of appeal also purports to appeal from an Order Granting Motion for Permissive Abstention and Order Granting Motion for Relief from Stay, both of which were entered on November 28, 1995. These orders were final when entered. *See Quackenbush v. Allstate Ins. Co.,* — U.S. —, —–– ——, 116 S.Ct. 1712, 1718–20, 135 L.Ed.2d 1 (1996) (finding that district court order remanding case to state court is final order for the purpose of appeal, or .alternatively an appealable collateral order that could not be reviewed after any subsequent final judgment); *Franklin Sav. Ass'n v. Office of Thrift Supervision,* 31 F.3d 1020, 1022 n. 3 (10th Cir.1994) (stating that "[a]s a. general rule, orders granting or denying relief from an automatic stay are appealable final orders.") The notice of appeal was filed on March 24, 1997, long after the 10–day time limit for filing an appeal. See Fed. R.Bankr.P. 8002(a). Therefore, this Court is without jurisdiction to hear an appeal from these orders.

## II.  Statement of Facts

In 1993, White and Bell decided to divorce. Pending a property settlement, the Wyoming state court awarded to White a florist business that he and Bell had jointly operated, and ordered White to pay Bell $1,500 per month from the business profits. White and Bell agreed to submit the property settlement to binding arbitration. On September 8, 1995, eight days after the arbitrator rendered the decision, White filed a bankruptcy petition under Chapter 13. The Bankruptcy Court granted Bell's motions for permissive abstention and relief from stay, expressly modifying the stay "for purposes of obtaining entry of a final Arbitration Award and Decree of Divorce." White did not appeal these orders. On September 18, 1996, the state court ratified the arbitration award and entered the divorce decree. White was awarded the florist business and Bell was granted a judgment of $150,000 secured by a lien on the assets of the business. White was also ordered to pay Bell $19,500, representing 13 months of $1,500 payments from the date of the arbitration award, August 31, 1995, to the

date of the judgment, September 18, 1996. White did not appeal the state court judgment.

Based on the divorce orders, Bell filed a proof of claim for a total of $169,500, of which $150,000 was classified as secured with the remaining $19,500 asserted to be an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(7). The Bankruptcy Court entered its Order on Debtor's Objection to Claim of Valencia M. Bell, which overruled White's objections to Bell's claim. With regard to the $19,500 priority claim, the court addressed the issue of whether or not the claim was for a property settlement or a debt in the nature of support, and held that:

> the intent of the parties and the court at the time the payments were ordered was to provide her with support. Whether she became employed during the time of the arbitration is not relevant to this inquiry. When the circumstances of the parties change, the proper procedure is to seek a modification of the award. That was not done. The claim is properly entitled to priority treatment, and Mr. White's objection to the priority claim is overruled.

The Bankruptcy Court amended this order pursuant to its March 13, 1997 Amended Order on Debtor's Objection to Claim of Valencia Bell. The amended order provides that $1,500 of the claim is entitled to priority under § 507(a)(7), but that the remainder ($18,000), which represents payments due postpetition, is disallowed as a postpetition claim, unmatured at the date of filing pursuant to 11 U.S.C. § 502(b)(5), "the dischargeability of which may be determined in an appropriate forum." The amended order notes that White contends that the debt is not for maintenance or support, and states that "[t]his court disagrees for the reasons stated in the previous order. However, because the debt is a postpetition obligation for which Mr. White has yet to make any provision for payment, the nature of the claim may be determined in an enforcement action undertaken in state court." In a subsequent Order Granting Relief From Stay,[2] the Bank-

---

**2.** White filed a Motion to Supplement Record on Appeal, moving this Court to allow the record on

appeal in this matter to be supplemented with the Order Granting Relief From Stay entered by

ruptcy Court granted Bell relief from the stay "for purposes of obtaining payment on such portion of the award of support and maintenance as matured after the filing of the bankruptcy petition from non-estate property only."

### III. Discussion

SECURED CLAIM

Bell's secured proof of claim in the amount of $150,000, was based on the order and judgment entered by the state court after the Bankruptcy Court granted relief from stay for entry of the divorce decree and the arbitration award, that adjudicated the property settlement. The state court awarded Bell a judgment of $150,000, secured by a lien on the business that it awarded to White. The $150,000 judgment and lien were provisions in the final arbitration award and thus the state court's order was within the scope of the relief from stay granted by the Bankruptcy Court, for "entry of a final Arbitration Award and Decree of Divorce." White now argues that the Bankruptcy Court erred in abstaining from this issue and in granting relief from stay to allow a state court to distribute, alter, or affect property of the estate. As previously noted, White failed to timely appeal these orders and failed to appeal the state court's orders. Therefore, this Court will not entertain his arguments now.

■ Section 502(b) provides that in the event there is an objection to a claim, the court shall determine the amount of the claim as of the date of the filing of the petition and shall allow such claim, subject to certain (inapplicable) exceptions. On the date of the bankruptcy filing, this claim, arising in a pending property settlement, was unliquidated and contingent, but that does not affect the allowability of the claim.

However, White contends that because the claim was liquidated and secured by a lien postpetition, the lien is avoidable by the trustee under 11 U.S.C. § 544. Section 544 arms the trustee with the rights and powers of a hypothetical lien creditor. Section 544 is a useful tool when the divorce is filed after

the bankruptcy petition is filed. In that situation, § 544 might operate to avoid a judgment lien because on the date of bankruptcy a hypothetical lien creditor could take free of a nondebtor spouse's unperfected interest in property, because that interest did not vest until the divorce action was filed. *Hohenberg v. Hohenberg (In re Hohenberg)*, 143 B.R. 480, 487 (Bankr.W.D.Tenn.1992).

■ White argues that the same result should apply even though the divorce was filed before the intervention of bankruptcy in this case. White argues that Bell's interest did not vest until entry of the divorce decree. We find that this misstates the applicable state law. The Supreme Court of Wyoming has held as follows:

Our statutes specifically reserve the right of each spouse to own and convey his or her separate property. Sections 20–1–201 and 20–1–202(a), W.S.1977. That right, however, is adjusted upon the filing of a complaint for divorce. At that juncture the jurisdiction of the district court is invoked to provide for an equitable distribution of the property of the parties in accordance with § 20–2–114, W.S.1977. We conclude that the effect of our statute is quite similar to the effect ascribed to the Kansas statute in *Cady v. Cady*, 224 Kan. 339, 581 P.2d 358 (1978). That court held that prior to the filing of the divorce petition a spouse had only an inchoate interest in property held in the name of the other spouse. **When the divorce complaint is filed, however, that inchoate interest vests subject to definition and determination by the divorce court.** At that juncture a species of common or co-ownership is identified, but that property is not then divided until the ultimate decree of the court....

In this regard then we hold that even though property is owned separately by one spouse, as in this case, at the time the complaint in the divorce action is filed the other spouse acquires a co-ownership interest in that property which is not defined

the Bankruptcy Court on June 27, 1997. We find that White's motion to supplement the rec-

ord on appeal should be granted.

until the entry of the decree which articulates the property settlement. The inchoate interest of the spouse in separate property of the other spouse is vested at the time the divorce action is filed and at that time is converted into a species of common or co-ownership. When the decree is entered it divides property which is held by the parties as co-owners. In any instance in which, as here, the trial court grants each party a one-half interest in a given property, the co-ownership continues until disposition of the property. If the trial court awards all of a given property to one party, that award is also a disposition of property held by co-owners, but the party awarded the property then owns it as an individual.

*Kane v. Kane,* 706 P.2d 676, 680 (Wyo.1985) (emphasis added).

Thus, where the divorce is pending when the bankruptcy petition is filed, the divorcing spouses' respective property interests are vested but subject to subsequent definition. For that reason, what constitutes property of the estate is undefined. Once the state court or bankruptcy court defines the respective interests, it becomes clear what property is within the exclusive purview and jurisdiction of the Bankruptcy Court. In this case, the Bankruptcy Court granted relief from stay to allow the state court to complete the divorce proceeding by entry of the arbitration award and divorce decree. The state court made this determination and awarded the florist business to White. Contemporaneously, the state court granted Bell a lien against the business assets to secure a monetary award. The state court orders then served to define the property interests of White, which became property of the estate at the time the bankruptcy petition was filed. The florist business became property of the estate.

In *Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), the United States Supreme Court held that attachment of a lien to the debtor's property by virtue of a divorce decree occurred simultaneously with the debtor's acquisition of an ownership interest in the property by virtue

of the divorce decree. The Supreme Court noted that the debtor took the interest and the lien together, as if he had purchased an already encumbered estate from a third party. *Id.* at 300, 111 S.Ct. at 1830–31. Thus, the lien granted in the divorce decree was not an avoidable judicial lien under § 522(f)(1), which provides that a debtor "may avoid the fixing of a [judicial] lien on an interest of the debtor in property." The Supreme Court noted that § 522(f)(1) was intended to thwart creditors who, sensing an impending bankruptcy, rush to court to obtain a judgment to defeat the debtor's exemptions. *Id.* Because the nondebtor spouse obtained the lien not to defeat the debtor's existing interest but to protect her own pre-existing interest in the property, the Supreme Court noted that to permit a debtor in these circumstances to use the Code to deprive the nondebtor spouse of this protection would neither follow the language of the statute nor serve the intended purpose of the statute. *Id.* at 301, 111 S.Ct. at 1832.

■ The same reasoning applies here. Bell was granted a lien at the same time that White's property interest was defined and his ownership interest was acquired. When the court entered the arbitration award and divorce decree, it equitably divided the property, and Bell and White acquired ownership interests in property separately awarded to them. White acquired an ownership interest in the business but that ownership interest was simultaneously encumbered with a lien. There was no period of time prior to Bell's lien when a hypothetical lien creditor could have encumbered White's property. Moreover, this is not a situation where the lien or security interest was merely unperfected at the time of the bankruptcy filing. In fact, the lien was not granted until White's property interest was defined. By not timely appealing the orders for abstention or relief from stay, White has waived any objection to the propriety of the state court's definition of White's property interest, which then passed into the bankruptcy estate pursuant to § 541.[3] White has waived any objection to

---

**3.** Many courts grant motions for relief from stay to allow a divorce filed prepetition to proceed to

a divorce decree, reasoning that state courts have the requisite expertise to resolve domestic issues

the state court's determination that White owns the business which is encumbered by a $150,000 lien. Therefore, we affirm the Bankruptcy Court's allowance of Bell's $150,000 secured claim.

## UNSECURED PRIORITY CLAIM

 Bell's proof of claim also included a $19,500 unsecured priority claim. The state court entered an interim order for White to pay Bell $1,500 per month out of the business profits pending entry of the divorce decree. By the time of the decree, White was 13 months in arrears, one month prepetition and 12 months postpetition. The Bankruptcy Court ruled that the $1,500 that accrued prepetition was a priority claim pursuant to § 507(a)(7), which grants priority status to claims for:

> debts to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that such debt—
>
> > (A) is assigned to another entity, voluntarily, by operation of law, or otherwise; or
> >
> > (B) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

11 U.S.C. § 507(a)(7). The Bankruptcy Court found that the $1,500 was for support. The state court had awarded Bell support since it awarded the business and her only source of income to White on an interim basis. The record reflects that the Bankruptcy Court considered the state court judgment and record as well as heard testimony from Bell regarding the facts supporting the amounts awarded by the court. We find no

clear error in the Bankruptcy Court's finding that this award constituted support to Bell.

 The Bankruptcy Court disallowed $18,000 of Bell's priority claim, for the twelve months of arrearages that accrued after White filed his bankruptcy petition. Section 502(b)(5) requires disallowance of a support claim that is unmatured at the time the petition is filed.[4] These future monthly payments were not yet due, and to the extent that they were for support, the claim must be disallowed. Despite the Bankruptcy Court's indication that the dischargeability of the claim could be determined in an enforcement action in state court, we conclude that the Bankruptcy Court's findings are sufficient to hold that this debt is in the nature of support for purposes of § 502(b)(5). Thus, we affirm the Bankruptcy Court's disallowance of $18,000 of Bell's priority claim.

---

and equitably divide property. *See Hohenberg,* 143 B.R. at 487; *Johnson v. Fisher* (*In re Fisher*), 67 B.R. 666, 669 (Bankr.D.Colo.1986); *but see In re Becker,* 136 B.R. 113, 118 (Bankr.D.N.J.1992).

4. Section 502(b)(5) of Title 11 disallows a claim to the extent that "such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title."