FILED
U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

December 5, 2023

Anne M. Zoltani
Clerk

NOT FOR PUBLICATION[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

_____

IN RE JEANNE A. GALLEGOS,

Debtor.

_____

JARED C. WALTERS, TRUSTEE,

Plaintiff - Appellant,

v.

JEANNE A. GALLEGOS and PAUL
ALLEN WATERS,

Defendants - Appellees.

BAP No. CO-22-017

Bankr. No. 19-14306
Adv. No. 20-01276
Chapter 7

OPINION

_____

Appeal from the United States Bankruptcy Court
for the District of Colorado

Before **MICHAEL**, **PARKER**, and **THURMAN**, Bankruptcy Judges.

_____

[1] This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

_____

**THURMAN**, Bankruptcy Judge.

_____

State law governs and public policy informs a bankruptcy court's understanding of property law. When a state's policy supports marriage reconciliation, property law should not oppose it. In this case, a husband and wife started down the path to divorce, only to reconcile after the wife sought the protection of the bankruptcy court. The chapter 7 trustee then commenced an adversary proceeding claiming the debtor's reconciliation with her spouse and subsequent divorce proceeding dismissal resulted in an unauthorized postpetition transfer of property. Balancing the interests of federal bankruptcy and Colorado state law, the Bankruptcy Court granted summary judgment in favor of the debtor and her spouse, determining the debtor's interest in the spouse's real property was contingent upon an order dividing the marital property. Concluding that the interest created by filing a divorce petition under Colorado law vanishes upon dismissal of a divorce proceeding, we find no error and affirm the Bankruptcy Court.

## I.     FACTUAL BACKGROUND

Paul Allen Waters and Jeanne A. Gallegos (the "Appellees") were married for nine years when, in March 2019, Waters filed a petition for divorce in Colorado (the "Divorce Case"). In May 2019, Gallegos (the "Debtor") filed a voluntary petition seeking chapter 7 bankruptcy relief (the "Bankruptcy Case"). Jared C. Walters ("Trustee") was appointed to serve as chapter 7 Trustee in the bankruptcy case.

2

When the Debtor filed the Bankruptcy Case, and prior to issuance of any divorce decree or property division order, Waters owned a parcel of land and cabin, which he purchased prior to his marriage to the Debtor and had a profit-sharing plan with his employer (collectively, the "Property"). The parties do not dispute that the Property belonged to Waters prior to the marriage, nor do they dispute that the Property appreciated in value from the time of the marriage.

In September 2019, the Trustee filed a motion to intervene in the Divorce Case. A marriage dissolution hearing was scheduled for August 5, 2020, but Waters and the Debtor stipulated to dismiss the Divorce Case on August 4, 2020, and an order dismissing the Divorce Case was entered the same day.[2]

Subsequently, the Trustee commenced an adversary proceeding against the Appellees seeking to avoid the transfer of the Debtor's marital interest in the Property out of the bankruptcy estate pursuant to 11 U.S.C. §§ 549(a) and 550(a).[3] On March 22, 2021, the Trustee filed a motion for partial summary judgment seeking a judicial determination of whether the dismissal of the Divorce Case constituted an avoidable transfer of the Property. After oral argument, the Bankruptcy Court entered an order denying the partial motion for summary judgment (the "Order").[4] The Trustee timely appealed.

---

[2] *Order* at 1–2, *in* Appellant's App. at 31–32.

[3] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

[4] *Order* at 1, *in* Appellant's App. at 31.

## II.    JURISDICTION

This Court has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless a party elects to have the district court hear the appeal.[5] On February 2, 2023, the Bankruptcy Court entered an order determining the Order was a final order for purposes of appeal under Federal Rule of Civil Procedure 54(b)[6] and there was no just reason for the delay. This Court entered its *Order Allowing Appeal to Proceed* concluding the Order was a final appealable order.[7] The Trustee timely filed an appeal of the Order.[8] No party elected to have the district court hear the appeal. Accordingly, this Court has jurisdiction to hear this appeal.

## III.    STATEMENT OF ISSUE AND STANDARD OF REVIEW

There is one issue on appeal—whether the Bankruptcy Court erred in concluding that the Divorce Case dismissal did not result in an avoidable transfer and denying the partial motion for summary judgment, which we review de novo.[9] De novo review "requires an independent determination of the issues, giving no special weight to the

---

[5] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8003, 8005.

[6] Fed. R. Civ. P. 54(b) is made applicable by Fed. R. Bankr. P. 7054(a).

[7] BAP ECF No. 17.

[8] BAP ECF No. 23.

[9] *In re Harris*, 209 B.R. 990, 993 (10th Cir. BAP 1997) ("The grant or denial of summary judgment is reviewed *de novo*.").

4

bankruptcy court's decision."[10] Accordingly, we give no deference to the Bankruptcy

Court's decision but apply the same standard as the Bankruptcy Court.[11]

Summary judgment is appropriate when a party shows that there is no genuine

dispute as to any material fact and the moving party is entitled to judgment as a matter of

law.[12] No genuine issue of material fact exists if "the record taken as a whole could not

lead a rational trier of fact to find for the non-moving party."[13]

## IV.    ANALYSIS

Section 549(a) provides that a "trustee may avoid a transfer of property of the

estate (1) that occurs after the commencement of the case; and . . . (2)(B) that is not

authorized under this title or by the court."[14] If a trustee is successful in avoiding such

transfer, § 550(a) provides that a

> trustee may recover, for the benefit of the estate, the property
> transferred, or, if the court so orders, the value of such property, from
> (1) the initial transferee of such transfer or the entity for whose benefit
> such transfer was made; or (2) any immediate or mediate transferee of
> such initial transferee.[15]

Property of a bankruptcy estate consists of all (with some exceptions not

applicable here) of the debtor's legal or equitable interests of the debtor in property at the

---

[10] *In re Liehr*, 439 B.R. 179, 182 (10th Cir. BAP 2010) (citing *Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991)).

[11] *Carlile v. Reliance Standard Life Ins. Co.*, 988 F.3d 1217, 1221 (10th Cir. 2021).

[12] Fed. R. Civ. P. 56(a) made applicable by Fed. R. Bankr. P. 7056.

[13] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[14] 11 U.S.C. § 549(a). A "transfer" means "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with (i) property; or (ii) an interest in property." § 101(54)(D).

[15] § 550(a).

commencement of a bankruptcy case.[16] A bankruptcy trustee succeeds to the debtor's

property interests, but only to the title and rights in the property the debtor had *at the time*

the debtor filed the bankruptcy petition.[17] Thus, when asserting rights of action related to

a property interest, the trustee has no greater rights or control over an interest than the

debtor.[18] Simply put, the trustee's interest is limited in the same way as the debtor's.[19]

A bankruptcy court relies on state law to determine what property constitutes

property of the bankruptcy estate.[20] In Colorado, when a divorce petition is filed, "all

property acquired by either spouse subsequent to the marriage and prior to a decree of

legal separation is presumed to be marital property, regardless of whether title is held

individually or by the spouses in some form of coownership . . . ."[21] However, a spouse's

property "acquired prior to the marriage . . . shall be considered as marital property . . . to

the extent that its present value exceeds its value at the time of the marriage or at the time

of acquisition if acquired after the marriage."[22] Thus, filing a divorce petition in Colorado

---

[16] § 541(a).

[17] *In re Graves*, 609 F.3d 1153, 1156 (10th Cir. 2010) (quoting *In re Sanders*, 969 F.2d 591, 593 (7th Cir. 1992)) (emphasis added).

[18] *Paul v. Monts*, 906 F.2d 1468, 1473 (10th Cir. 1990) (citing *In re Gebco Inv. Corp.*, 641 F.2d 143, 146 (3d Cir. 1981)).

[19] *In re Graves*, 609 F.3d at 1156 (quoting *In re Sanders*, 969 F.2d at 593).

[20] *Butner v. United States*, 440 U.S. 48, 54 (1979) ("Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law."); *In re Fisher*, 67 B.R. 666, 668 (Bankr. D. Colo. 1986) ("The determination of what constitutes property of the bankruptcy estate is inherently an issue to be determined by the bankruptcy court. However, in making such a determination the bankruptcy court must turn to state law to define such property rights.") (citations omitted).

[21] Colo. Rev. Stat. Ann. § 14-10-113(3).

[22] *Id.* § 14-10-113(4).

creates for each spouse a vested equitable interest in the marital estate and a "species of common ownership" over the property therein.[23]

For the disposition of property in a divorce proceeding, the value of the marital estate is determined either by the date the divorce decree is entered or the date of the hearing on the disposition of the property if the hearing precedes the date of the divorce decree.[24] Thus, "where the divorce is pending when the bankruptcy petition is filed, the divorcing spouses' respective property interests are vested but subject to subsequent definition. For that reason, what constitutes property of the [bankruptcy] estate is undefined."[25] The undefined interest, which vests as part of the marital estate upon the filing of divorce action, is inchoate subject to entry of a property disposition order.[26] Therefore, the vested interest of a spouse remains inchoate unless and until the divorce court issues a divorce decree or divides the marital estate.

The Bankruptcy Court determined the "filing of a divorce proceeding vests a spouse with certain rights in marital property, but those rights are equitable in nature and

---

[23] *See In re Questions Submitted by U.S. Dist. Ct. Concerning C.R.S. 1963, 41-1-5 & 1971 Perm. Supp., C.R.S. 1963, 46-1-13*, 517 P.2d 1331, 1334 (Colo. 1974); *Williams v. Williams (In re Williams)*, No. AP 18-1197, 2022 WL 349346, at *6 (10th Cir. BAP Feb. 4, 2022), *aff'd*, No. 21-002-CO, 2022 WL 17588349 (10th Cir. Dec. 13, 2022) (unpublished) (concluding the non-debtor spouse held a vested equitable interest in marital property upon the commencement of the dissolution proceeding). The term "species of common ownership" is common language in cases analyzing potential tax implications related to property distributions in divorce proceedings.

[24] Colo. Rev. Stat. Ann. § 14-10-113(5).

[25] *White v. Bell (In re White)*, 212 B.R. 979, 983 (10th Cir. BAP 1997).

[26] *Hayutin v. Comm'r*, 508 F.2d 462, 469 (10th Cir. 1974).

7

not fully defined until the divorce court issues an order dividing the marital property."[27]

Citing *Merchant v. Kelly, Haglund, Garnsey & Kahn*,[28] the Bankruptcy Court held the

vested interest created by the filing of the divorce petition disappears if the divorce case

is dismissed prior to entry of a final decree. The Bankruptcy Court believed its ruling

consistent with *In re Questions*,[29] a Colorado Supreme Court case which held that, under

Colorado law, the vested interest in marital property created by the filing of a petition for

divorce remains inchoate because the ultimate property division has yet to be determined.

The Bankruptcy Court further concluded that, absent a pending divorce proceeding, the

Property remains Waters's sole and separate property, and any interest the bankruptcy

estate may have had in the Property is contingent on entry of a final decree in the Divorce

Case (an event that never took place).

The Trustee asserts that the Debtor's interest in the Property was property of the

bankruptcy estate, and that the dismissal of the Divorce Case (which eliminated the

inchoate interest of the Debtor in the Property) constituted an avoidable transfer of the

Property back to Waters. The Trustee contends the Bankruptcy Court misconstrued

*Questions* by concluding that the Debtor's interest in the Property was contingent. The

Trustee argues that *Questions* does not hold that the marital interest, which vests when a

---

[27] *Order* at 6, *in* Appellant's App. at 36 (citing *In re White*, 212 B.R. 979, 982–83 (10th Cir. BAP 1997)).

[28] 874 F. Supp. 300, 304 (D. Colo. 1995) ("Even if [the spouse's] inchoate interest in the marital estate vested when the Colorado dissolution of marriage action was filed, it once again became inchoate when the action was dismissed.").

[29] 517 P.2d 1331 (Colo. 1974) (hereafter "*Questions*").

divorce action is filed, is a contingent interest. Instead, the Trustee highlights that the Colorado Supreme Court made clear only that a vested interest in marital property is created upon the filing of a divorce proceeding pending the final order of dissolution and property division by the divorce court. The Trustee also argues the Bankruptcy Court has jurisdiction under § 541 to determine what is property of the estate and erred when it did not determine the value of the Debtor's interest in the Property. Finally, the Trustee contends that allowing such a transfer creates an "escape hatch" from § 549 avoidance actions and enables fraud.

Waters asserts that the Debtor's interest in the Property is contingent until the entry of the decree of dissolution in the Divorce Case. Waters further argues that Colorado law and public policy do not support the Trustee's desired outcome. Finally, Waters contends it is a fundamental right for persons to marry and ruling in the Trustee's favor forces a marriage dissolution.

The filing of the Divorce Case created for the Debtor a vested, but inchoate, equitable interest in the marital estate, which included the Property. Because the Trustee cannot have a greater interest in the Property than the Debtor,[30] the Trustee also had a vested, but inchoate, equitable right of undetermined value in the Property at the commencement of the Bankruptcy Case. While the Property appreciated in value from the time of the Appellees' marriage and so was properly included in the Appellees' marital estate, the Debtor's interest in the Property was never fully defined because no

---

[30] *Paul v. Monts*, 906 F.2d 1468, 1473 (10th Cir. 1990) (citing *In re Gebco Inv. Corp.*, 641 F.2d 143, 146 (3d Cir. 1981)).

divorce decree or order of division of property was entered in the Divorce Case.[31] Such an undefined, inchoate interest does not survive dismissal of the related divorce action. Accordingly, both the Debtor's and Trustee's interest in the Property vanished when the Divorce Case was dismissed. Since the Property was not property of the bankruptcy estate, the Bankruptcy Court had neither an obligation nor any reason to ascribe a value to the Property.

This conclusion is consistent with *Questions*, where the Colorado Supreme Court determined an inchoate vesting takes place upon the filing of the divorce petition subject to a division of property.[32] The *Questions* court confined its opinion to situations where the divorce case proceeds to its logical conclusion; i.e., entry of a divorce decree and an order of division of property.[33] However, the analysis contained in *Questions*, namely that all marital interests created by the filing of a divorce action remain inchoate until entry of a divorce decree and order of property division, applies with equal force to the facts of this case.

Colorado encourages marriages rather than forcing dissolutions as evidenced by language found in the Colorado Code: "[i]t is the declared public policy of this state to maintain desirable marital and family relations; to promote and foster the marriage relationship and reconciliation of estranged spouses; and to take reasonable measures to preserve marriages . . . ."[34] Furthermore, marriage is a constitutional right "fundamental

---

[31] *See Hayutin*, 508 F.2d at 469.

[32] 517 P.2d at 1335.

[33] *Id.*

[34] Colo. Rev. Stat. Ann. § 14-12-101.

to our very existence and survival."[35] Aligning with the Trustee would run counter to Colorado public policy and have a chilling effect on reconciliations and the institution of marriage. Finally, as a general matter unless absolutely required and needed, we are disinclined to wade into the realm of divorce disputes as the state court serves as a more appropriate forum.[36]

## V.    CONCLUSION

The Bankruptcy Court did not err in denying the partial motion for summary judgment seeking to avoid transfer under § 549. For the above reasons, we AFFIRM the Bankruptcy Court.

---

[35] *Loving v. Virginia*, 388 U.S. 1, 12 (1967).

[36] *See In re Caporal*, No. 23-10087, 2023 WL 4687815, at *4 (Bankr. D.N.M. July 21, 2023) ("[M]ost bankruptcy courts decline to wade into divorce property settlements, holding that the state divorce court is the more appropriate forum.") (citations omitted) (unpublished) .